## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNETTE LOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA N.A.,<br><br>Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **THE FAIR CREDIT REPORT ACT, 15 U.S.C. § 1681 *et seq.*; and**<br>2. **MASSACHUSETTS GENERAL LAWS, M.G.L. C. 93 § 54A.**<br><br>**(Unlawful Credit Reporting Practices)** |

## INTRODUCTION

1. Plaintiff Jeannette Logan ("Plaintiff"), by and through her attorneys, brings this action to secure redress from Bank of America N.A.'s ("Defendant" or "Bank of America") violations of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and Massachusetts General Laws, c. 93 §54A ("MGL").

## JURISDICTION AND VENUE

2. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this District, Defendant transacts business in the District and a substantial part of the events or omissions giving rise to this action occurred in this District.

4. Defendant transacts business in the State of Massachusetts; therefore, personal jurisdiction is established.

## **PARTIES**

5. Plaintiff is a natural person who resides in the town of Brockton, Plymouth County, Massachusetts 02301. Plaintiff is a *consumer* as defined by the FCRA, 15 U.S.C. § 1681(a) and 1692a(3).

6. Bank of America is a *furnisher of information*, as defined in 15 U.S.C. § 1681s-2(a), (b) and a *person* as contemplated by M.G.L c. 93 § 54A(a).

7. Bank of America's principal place of business is located at 100 N. Tryon Street, Charlotte, NC 28255.

8. At all relevant times, Bank of America acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff purchased a residential property located at 115 Chatham Rd, Brockton, MA 02301 in 1998.

10. In or around 2002, Plaintiff refinanced her mortgage with Fleet National Bank and obtained a first mortgage for $116,000 and a home equity line of credit for $90,000.

11. Sometime between 2002 and 2006, Bank of America merged with Fleet National Bank and took over Plaintiff's first mortgage and line of credit.

12. On or about September 28, 2006, Bank of America recorded its discharge of the $90,000 line of credit security instrument with the Plymouth County, Massachusetts Recorder.

13. On or about October 23, 2006, Bank of America recorded a new $125,000 home equity line of credit that had been executed on July 14, 2006.

14. On or about March 5, 2008, Bank of America modified that security instrument by increasing Plaintiff's home equity line of credit from $125,000 to $155,000 and recorded the modification on May 1, 2008 (the "Account").

15. On or about August 3, 2012, Plaintiff received a letter from Bank of America stating: "We are pleased to inform you that we have approved your Home Equity account for participation in a principal forgiveness program offered as a result of the Department of Justice and State Attorneys General global settlement with major mortgage servicers, including Bank of America, N.A."

16. On or about September 21, 2015, Bank of America recorded its discharge of the "mortgage from Jeannette Logan . . . to Bank of America, N.A. dated 07/14/2006 recorded on 10/23/2006 with Plymouth County Registry of Deeds . . . Property Address: 115 Chatham Rd, Brockton MA 02301." The discharge also "acknowledged satisfaction" of the "Modification dated 03/05/2006."

17. This record gave unequivocal notice of the discharge of Plaintiff's $155,000 Bank of America home equity line of credit mortgage (the Account).

18. Due to this discharge of her mortgage, recorded in September 2015 by Bank of America, Plaintiff discontinued making further payments on the Account.

19. In or around December 2017, Plaintiff began to seek a reverse mortgage, but was told by the lender that she did not qualify because of the "negative reporting" of the Bank of America Account, including that it was past due, a substantial balance was still owed, and there were late payments.

20. When Plaintiff discovered the inaccurate reporting of the Account in December 2017, she was in the process of helping her brother deal with his cancer. In or around January 2018, Plaintiff went to Alabama to help him work with his doctors.

21. On or about April 5, 2018, after Plaintiff returned to Massachusetts, she mailed letters to the three credit reporting agencies, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("TransUnion") disputing the inaccurate reporting of the Account. Plaintiff included a copy of the September 2015 discharge of the Account by Bank of America.

22. Upon information and belief, each credit reporting agency forwarded those disputes to Bank of America within five (5) business days of receiving the dispute from Plaintiff.

23. On or about April 10, 2018, non-party TransUnion responded to Plaintiff's dispute and continued reporting the Account incorrectly as "120-days late" but did correct the balance to zero.

24. On or about April 12, 2018, non-party Experian responded to Plaintiff's dispute and continued reporting the Account incorrectly as "180-days late" with a $172,711 balance and $10,145 past due.

25. On or about April 26, 2018, non-party Experian responded to Plaintiff's dispute and continued reporting the Account incorrectly as "180-days late" with a $173,205 balance and $10,638 past due.

26. On or about April 26, 2018, Plaintiff called Experian at (877) 284-7942 and spoke with a representative named Sylvia, to whom she explained that she had mailed Experian proof the balance on the Account was discharged and should be zero. Sylvia told Plaintiff that the extent of Experian's investigation was contacting Bank of America and Bank of America confirmed the Account was reporting correctly.

27. Upon information and belief, Equifax did not respond to Plaintiff's April 5, 2018 dispute about the Account.

28. In or around late April 2018, Plaintiff received a call from her brother's doctor and went to Alabama again to help her brother before he passed and to take care of family matters.

29. On or about May 17, 2018, Plaintiff again called Experian and spoke to a representative named Porsha, who said that Plaintiff needed to send Experian the Bank of America discharge documentation again.

30. On or about November 6, 2018, Plaintiff mailed certified letters to Equifax, Experian, and TransUnion disputing the inaccurate reporting of the Account as being late every month with a balance owed. Plaintiff included copies of the letter from Bank of America saying the Account was being discharged as part of a settlement with the federal government and included the recorded "Discharge of Mortgage" from September 2015.

31. On or about November 12, 2018, TransUnion responded that it had deleted the Account from Plaintiff's credit report.

32. On or about November 15, 2018, Equifax responded that its prior reporting was correct and continued to report the Account as 180-days late since 2015, that a "Foreclosure Process [had] Started" and a balance of $178,807 was still due with a past due balance of $17,268.

33. On or about November 26, 2018, Experian responded that it had updated its reporting to show the Account as 180-days late since 2015 and newly reported that "Foreclosure proceedings started" in May 2018 and a balance of $179,770 was still due with a past due balance of $18,724.

34. Plaintiff, who is sixty-seven (67) years old, continues to live at her residence located at 115 Chatham Rd, Brockton, MA 02301 as she has since 1998, and foreclosure proceedings have NEVER been commenced.

35. On or about December 14, 2018, Plaintiff obtained her own Equifax consumer credit report and the Account was being reported as 180-days late as of October 2018 with a total balance due of $179,770 and a past due amount of $18,724.

36. On or about December 19, 2018, Plaintiff obtained her own Experian consumer credit report. The Account was being reported as 120-days late as of October 2018 with a total balance due of $180,344 and an amount past due of $20,162.

37. Bank of America failed to properly investigate Plaintiff's disputes and continued to report inaccurate information to Plaintiff's credit reports.

38. Bank of America's conduct was deliberate, willful, intentional, reckless, and negligent.

39. As a result of Bank of America's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation and added emotional distress while already dealing with her brother's cancer and death.

40. Plaintiff has suffered a decreased credit score and large increase in debt owed (although she did not owe it) as a result of the negative Bank of America Account appearing on Plaintiff's credit reports, preventing Plaintiff from being able to obtain credit or a new mortgage.

## **COUNT I**

### **Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. On at least one occasion within the past two years, by example only and without limitations, Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

43. The FCRA requires a furnisher, such as Bank of America, after receiving notice from a credit report agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the dispute information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

44. Plaintiff notified the credit reporting agencies that the reported account balance and foreclosure status of the Bank of America account was incorrect and included proof documentation. Thereafter, the credit reporting agencies notified Bank of America that Plaintiff was disputing the account and forwarded Bank of America her dispute.

45. Bank of America is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's Bank of America account;

    c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. Willfully and negligently failing to report the inaccurate status balance and status of the inaccurate information to all credit reporting agencies;

    e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

    g. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

46. Bank of America is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## **COUNT II**

**Defendant's Violations of the Massachusetts General Laws, M.G.L. C. 93 § 54A(a)**

47. Plaintiff incorporates the paragraphs one (1) through forty (40) as though the same were set forth at length herein.

48. Massachusetts General Law, Chapter 93 § 54A(a) reads: "Every person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete." Section 54A(a) is not preempted by the FCRA. *See Catanzaro v. Experian Info. Sols., Inc.*, 671 F. Supp. 2d 256, 261 (D. Mass. 2009).

49. Massachusetts General Law, Chapter 93 § 54A(g) reads: "A person who furnishes information to a consumer reporting agency shall be liable for failure to comply with the provisions of this section, unless the person so furnishing the information establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, such person maintained reasonable procedures to comply with such provisions."

COMPLAINT AND DEMAND FOR JURY TRIAL
-9-

50. Bank of America is a person who furnishes information to the credit reporting agencies and Bank of America failed to follow reasonable procedures to ensure that the information is accurate and complete.

51. Furthermore, Bank of America provided information to the credit reporting agencies that it had reasonable cause to believe was inaccurate.

52. Bank of America's misconduct concerning Plaintiff's account was willful and/or negligent.

53. As such, Bank of America is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by M.G.L. c. 93 §§ 63 and 64.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the FCRA and the M.G.L;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(b);

    C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    E. Actual damages pursuant to M.G.L. c. 93 §§ 63(1) and 64;

    F. Punitive damages pursuant to M.G.L. c. 93 § 63(2);

    G. Costs and reasonable attorney's fees pursuant to M.G.L. c. 93 §§ 63(3) and 64;

H. Any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Jeannette Logan, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: July 8, 2019	By:*/s/ Daniel Ruggiero*
	Daniel Ruggiero
	**Law Offices of Daniel G. Ruggiero**
	275 Grove St, Suite 2-400
	Newton, MA 02466
	druggieroesq@gmail.com
	(339)-237-0343
	*Attorneys for Plaintiff,*
	*Jeannette Logan*